419 P.2d 465

HUNTER–HAYES ELEVATOR CO., a corporation, Industrial Electric Company, a corporation, Harmon Construction Company, Inc., a corporation, Thomas A. Sorey, Alfred D. Hill, and Lee Sorey, d/b/a Sorey Hill & Sorey, a partnership, James H. Greer, independent executor under the Will of Shelton W. Greer, Deceased, and Vera Watson, Trustee, Plaintiffs-Appellants,

v.

PETROLEUM CLUB INN CO., a corporation, Macnemco, Inc., a corporation, John A. Fleming, Morris V. Burchfield, Paul C. Newell, Jack Shoot, Miriam A. Clark, Trust, Defendants-Appellees.

No. 8095.

Supreme Court of New Mexico.

Oct. 24, 1966.

Botts, Botts & Mauney, Albuquerque, for appellants.

B. J. Baggett, Farmington, for appellees.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

This suit was instituted to recover a judgment on certain promissory notes and to foreclose a mortgage on real estate in San Juan County given as security for the notes. Judgment was also sought against individual defendants on the written guaranty agreements guaranteeing payment of the notes.

A motion was filed by the individual defendants, John A. Fleming, Morris V.

**94**

Burchfield, Jack Shoot and Miriam A. Clark, Trust, to dismiss as to them individually for want of personal jurisdiction. From an order granting the motion the plaintiffs now appeal.

The facts disclose that in 1961, the defendant Petroleum Club Inn, a New Mexico corporation, borrowed in excess of $100,000 from the plaintiff and executed six promissory notes in varying amounts as evidence of the loan. All of the notes were signed by Jack Shoot, as Vice President. To secure the payments of the notes a mortgage deed was executed by defendants, Petroleum Club Inn and Macnemco Inc., a New Mexico corporation, conveying real estate situate in San Juan County, New Mexico. Jack Shoot was Vice President of Macnemco Inc., and executed the mortgage deed as such. To further secure the payment of the several notes written guaranties were executed by the defendants John A. Fleming, Morris V. Burchfield and Jack Shoot individually and also as trustees of the Miriam A. Clark, Trust guaranteeing payment of the notes. The notes, the mortgage and the guaranties were all dated October 1, 1961. The mortgage deed was executed in Oklahoma. The guaranties were executed in Oklahoma and California. The notes were payable " * * * at 4335 West Reno, Oklahoma City, Oklahoma, or at such other place as the holder of this note may designate * * *." Further, paragraph number seven of the second count of plaintiffs' first amended complaint was in words as follows:

"7. That defendants John A. Fleming, Morris V. Burchfield, and Jack Shoot are not residents of New Mexico and they did transact business in New Mexico in that they did execute said Exhibits 'H', 'I', 'J', 'K', 'L' and 'M' under circumstances where they guaranteed payment of said promissory notes secured by the said mortgage deed which created a lien upon land located in New Mexico, the proceeds from which notes were to be used for the construction of a building in New Mexico on the lands described in said mortgage deed, and said Defendants were physically present in New Mexico from time to time in negotiating said notes, mortgage deed, and Exhibits 'H', 'I', 'J', 'K', 'L' and 'M', all of which makes said defendants subject to the jurisdiction of this court, although served with process outside the state of New Mexico in accordance with Section 21–3–16, New Mexico Statutes Annotated, 1953 Compilation."

The appellants advance two propositions as grounds for reversal. First the appellants say, that the facts alleged in the complaint should be accepted as true, and second, since they are true the defendants who are appellees transacted business within New Mexico, making them subject to service of process outside this state under the provision of Section 21–3–16 (1) N.M.S.A.

1953 Compilation. The applicable provision of the statute appears as follows:

"A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) The transaction of any business within this state";

 The facts alleged in paragraph number seven of the second count in the plaintiffs first amended complaint are undisputed. Being undisputed they may be accepted as true thus eliminating the necessity of formal findings. Carpenters' District Council etc. v. Cicci, 261 F.2d 5 (6th Cir. 1958). Here the trial court did not accept the undisputed allegations as true. The order dismissing the complaint appears to be based on a finding, " * * * that the primary place of performance of the guaranty contracts which is the basis of the individual suit against the named defendants, was the state of Oklahoma and not within the state of New Mexico * * *." Without considering the basis for or correctness of this finding, the crucial issue is, did the cause of action arise from "the transaction of any business within this state" by the defendants so as to make them subject to the jurisdiction of the courts of this state under Section 21–3–16, N.M.S.A. 1953. We proceed to a consideration of that question. This court in Melfi v. Goodman, 69 N.M. 488, 368 P.2d 582, was concerned with the identical statute and subsection involved here and there held that "transaction of business" is to be determined from the facts of the case.

 The classic test of federal due process requires that:

" * * * in order to subject a defendant to a judgment in personam, if he not be present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' * * * "

International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95, 161 A.L.R. 1057. What determines whether the defendant has sufficient contact to satisfy this test must be decided case by case.

 It is noted that our statute was adopted from the Illinois statutes, Chapter 110, Section 17, Smith-Hurd Illinois Statutes Ann.; Melfi v. Goodman, supra. Although not binding on this court, the interpretation of the Illinois statute by Illinois courts is persuasive. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006. The Illinois Supreme Court has interpreted "transaction

of business" to require certain minimal contacts by the defendant or his agent within the forum. Grobark v. Addo Mach. Co., 16 Ill.2d 426, 158 N.E.2d 73. This contact, according to another decision, could occur in the form of negotiations that later resulted in a contract. National Gas Appliance Corp. v. AB Electrolux, 270 F.2d 472 (7th Cir. 1959). The contact is not sufficient, however, if the defendant's presence within the forum was casual and the transaction of business was wholly fortuitous. Kaye-Martin v. Brooks, 267 F.2d 394 (7th Cir. 1959).

Under these circumstances we conclude that the defendants have had sufficient contact within this state so to be subjected to the provisions of Section 21–3–16 (1). The traditional notions of fair play and substantial justice are not offended.

The order dismissing the plaintiffs' first amended complaint as against the individuals therein is reversed and set aside. The case will be remanded for further proceedings consistent herewith.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.