466 P.2d 868

John McINTOSH, d/b/a McIntosh Seed Company, Plaintiff-Appellee,

v.

NAVARO SEED COMPANY, Inc., d/b/a U. S. Seeds, a Corporation, Defendant-Appellant.

No. 8943.

Supreme Court of New Mexico.

March 16, 1970.

Richard M. Snell, Clovis, Willis D. Moore, Athens, Tex., for defendant-appellant.

Rowley, Hammond, Murphy & Rowley, Clovis, for plaintiff-appellee.

## OPINION

COMPTON, Justice.

The plaintiff instituted this action in Curry County, New Mexico, against the defendant, Navaro Seed Company, Inc., a Texas corporation, to recover judgment for the balance of an open account for seed grain sold to the defendant.

The defendant was served with process in Texas and moved specially challenging the jurisdiction of the court to enter an in personam judgment against it since there was no minimum contact with New Mexico by the defendant to give New Mexico jurisdiction over it pursuant to § 21–3–16, N.M.S.A.1953 (1969 Supp.). The motion was overruled and, from a judgment on the merits in favor of the plaintiff, the defendant has appealed. The amount of the judgment is not questioned.

The single question on appeal is whether the appellant had sufficient contact with the State of New Mexico to subject it to personal jurisdiction of the New Mexico courts; put another way, does Navaro's activity in the state amount to "transaction of any business" within New Mexico.

The facts are stipulated. Appellant's agent contacted appellee by telephone about buying the grain and then came into New Mexico and took the grain samples and returned them to Texas for testing. After further telephone conversations, the appellant sent a truck into New Mexico for a load of the grain. Later, the appellant sent two trucks into New Mexico for additional grain. The agent who had negotiated the deal for the appellant operated one of the trucks in returning the grain from New Mexico to the appellant's place of business in Texas.

In Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co., 77 N.M. 92, 419 P.2d 465, we announced the test to meet federal due process in order to subject a defendant to a judgment in personam when he is not present in the forum, as follows:

"* * * in order to subject a defendant to a judgment in personam, if he not be present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' * * *"

We think the appellee has met that test. Compare Ventling v. Kraft, 83 S.D. 465, 161 N.W.2d 29; Quigley v. Spano Crane Sales & Service, Inc., 70 Wash.2d 198, 422 P.2d 512; Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co., supra; Melfi v. Goodman, 69 N.M. 488, 368 P.2d 582.

**304**

■ Appellant would have us make a distinction in this case on the basis that this is an isolated transaction. There is no basis for distinction. Section 21–3–16, supra, refers to "any transaction of business." A single transaction negotiated, or to be performed, within the forum can be sufficient contact. Compare Compania de Astral, S. A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357, 108 A.2d 372, 49 A.L.R.2d 646; Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761.

Appellant relies on the Utah case of Conn v. Whitmore, 9 Utah 2d 250, 342 P. 2d 871. In that case, the Utah court held there must be some "continuity of activity in the state," and a single transaction is not sufficient unless it fits into a pattern of activity. However, our statute (§ 21–3–16, supra) requires no such "continuity of activity," and a single transaction is sufficient if it constitutes "any transaction of business" in the state.

■ We conclude that appellant's activity in New Mexico constitutes business transacted in the forum within the meaning of § 21–3–16, supra.

The judgment should be affirmed.

It is so ordered.

TACKETT and SISK, JJ., concur.