**Jack HILL, doing business as Union Land and Commercial Company, Plaintiff,**

v.

**Norbert SMITH and Lorraine Smith, Defendants.**

Civ. A. No. 6474.

United States District Court,
W. D. Michigan, S. D.

Feb. 18, 1972.

H. Rhett Pinsky, Grand Rapids, Mich., for plaintiff.

Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., Robert J. Eleveld, Grand Rapids, Mich., of counsel, for defendants.

### OPINION ON MOTION TO DISMISS

FOX, Chief Judge.

This is a diversity of citizenship action alleging failure to pay monies due on a promissory note in the amount of $42,750. Defendants have moved to dismiss or in the alternative to transfer venue to Illinois on the grounds that the court lacks *in personam* jurisdiction over defendants.

The defendants base their argument on the fact that they are Illinois residents, were served in Illinois and the note involved in this case was executed in Illinois.

The note, however, is but part of a much larger transaction whose basic locale is Michigan. The plaintiff is a Michigan real estate broker and in August of 1968 the United Insurance Company of America listed for sale with

plaintiff certain real property known as "Carrousel Mountain Ski Resort." The plaintiff advertised this property in the Grand Rapids Press and the Wall Street Journal. In response to the Wall Street Journal advertisement defendants inquired about the property by telephoning plaintiff.

On approximately October 23, 1968 defendant Norbert Smith came to Michigan and viewed the property in the company of the plaintiff. Following the view, defendant Smith met with plaintiff in the office of a local attorney and discussed the terms of the sale.

According to plaintiff Hill's affidavit, the local attorney drafted the promissory note, the land contract, the offer made by defendant Smith and the original closing statement. Hill's affidavit further states that the terms of the sale were agreed upon in Michigan. By these terms the total purchase price was $375,000, of which $75,000 would be paid down. Defendant Smith, however, was unwilling to put down more than $37,500 of his own funds. According to plaintiff the deal was closed when plaintiff lent his commission on the sale, also $37,500, to Smith to complete the down payment. The promissory note in question was given for the $37,500 lent to the defendant to make the necessary down payment on the property. Payments on the note were to be made in Michigan.

In the face of defendant's contention that the execution of this note took place in Illinois and, therefore, the court lacks a proper basis for personal jurisdiction, plaintiff alleges that the execution of the note was the final act of a much larger Michigan transaction. Plaintiff argues that the note was given for a loan made to enable defendant to purchase Michigan property, that the execution of the note cannot be separated from the larger transaction, that the negotiations and agreement on the larger transaction took place in Michigan and that payments on the note were to be made in Michigan.

On the basis of these facts plaintiff alleges sufficient contact with the State of Michigan for the court to exercise personal jurisdiction over the defendants in this case.

The famous case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), held that a court violates the due process clause of the Fourteenth Amendment when it renders a personal judgment against a nonresident individual defendant without having jurisdiction over him and that it cannot acquire such jurisdiction merely by serving process upon him outside the forum. The leading case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), broke through the dogma of Pennoyer v. Neff by setting forth a test by which the due process clause could be met in obtaining jurisdiction over nonresident defendants. Thus the court held:

"... due process requires only that in order of subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. at 158.

The test may hardly be called precise. But the cases construing it have set forth the general parameters required by due process.

The defendants in this case were served under the Michigan "long arm" statute. It provides in pertinent part:

"... The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this State to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which

create any of the following relationships:

> (1) the transaction of any business within the state. . . ." [M.C.L.A. § 600.705 M.S.A. § 27A.- 705].

In Southern Machine Co. v. Mohasco Industries, 401 F.2d 374 (6th Cir. 1968), the Sixth Circuit Court of Appeals construed a similar "transaction of business" provision under the Tennessee "long arm" statute. After holding that the Tennessee legislature intended to extend the state's jurisdiction to the full limits of due process the court then considered when a single act may be the basis of *in personam* jurisdiction over a nonresident. The court concluded, primarily from two cases, McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), that:

> ". . . three criteria emerge from determining the present outer-limits of *in personam* jurisdiction based on a single act. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." 401 F.2d at 381.

Applying these three criteria to the facts of the case at hand, it becomes evident that the minimum requirements of due process are met. First, defendant Smith purposefully came to the State of Michigan to view, negotiate and purchase real estate in the State of Michigan. This clearly constitutes a substantial business contact with the State of Michigan.

Second, the plaintiff's cause of action arose out of defendant's activities in Michigan. Defendant argues that plaintiff's cause of action arose out of a promissory note executed in Illinois and that that is the activity upon which the plaintiff sues. It is clear, however, that the loan behind the note was made to enable defendants to purchase Michigan property. Furthermore, plaintiff is a real estate broker, not a money lender, and the money lent was plaintiff's commission on the sale of Carrousel Mountain Ski Resort to defendants. Thus, plaintiff and defendants dealt with each other directly in Michigan over the purchase of Michigan real property; the plaintiff lent his commission on the sale to the purchasers to enable defendants to put down the necessary down payment; in return for the loan the plaintiff took a promissory note executed in Illinois and payable in Michigan. In these circumstances it is entirely reasonable to conclude that the cause of action arose out of defendants' activities in the State of Michigan. The execution of the note is simply the final act of an entirely Michigan oriented business activity.

Finally, the defendants' activity had substantial enough connection with the forum state to make the exercise of jurisdiction over the defendants fair and reasonable. The defendants purchased Michigan property through a Michigan real estate salesman while taking a loan from a Michigan resident. They negotiated for the property, viewed the property, and came to a substantial agreement in Michigan. It is completely reasonable to require the defendants to answer in Michigan a complaint arising out of the activities surrounding their purchase of Michigan property.

The minimal constitutional requirements for *in personam* jurisdiction are therefore fully met.

In Sifers v. Horen, 385 Mich. 195, 188 N.W.2d 623 (1971), the Michigan Supreme Court construed the breadth of the Michigan "long arm" statute's "transaction of any business" provision. The court stated:

> "We are called upon in this case to construe a Michigan Statute which

**984**

represents an attempt on the part of the Michigan Legislature to expand to its full potential *limited* personal jurisdiction of Michigan courts over non residents.

Unless we are prepared to say that Michigan is forbidden by the Federal Constitution to exercise jurisdiction to the extent indicated in the statute we should not construe the statute so restrictively.

\* \* \* \* \* \*

The courts of those states having 'long-arm' statutes similar to that of Michigan which confer, specifically, limited personal jurisdiction over defendants based on 'the transaction of any business within the state,' have generally construed their statutes as extending the state's jurisdiction to the farthest limits permitted by due process.

*Colorado:* Safari Outfitters, Inc. v. Superior Court In and For City and County of Denver (1968), 167 Colo. 456, 448 P.2d 783; *Illinois:* Koplin v. Thomas, Haab and Botts (1966), 73 Ill.App.2d 242, 219 N.E.2d 646; Ziegler v. Houghton-Mifflin Co. (1967), 80 Ill.App.2d 210, 224 N.E.2d 12; *Tennessee:* Hamilton National Bank of Chattanooga v. Russell (D.C.E.D. Tenn., 1966), 261 F.Supp. 145.

The phrase 'transaction of any business' is construed as broader than 'doing business.' *New York:* Simonson v. International Bank (1964), 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427; *Illinois:* Lurie v. Rupe (1964), 51 Ill.App.2d 164, 201 N.E.2d 158, cert. denied Rupe v. Wallace, 380 U.S. 964, 85 S.Ct. 1108, 14 L.Ed.2d 154; Haas v. Fancher Furniture Co. (D.C.Ill., 1957), 156 F.Supp. 564." 188 N.W.2d at 623–624.

In reaching this conclusion the court cited the Commentaries by Professor Carl S. Hawkins, c. 7 R.J.A., M.C.L.A. p. 329. The comments state:

"RJA Chapter 7 contemplates the optimum use of the state's judicial power to cover every contact and relationship with the state which gives the state a sufficient interest to make the exercise of judicial power constitutionally permissible."

The Michigan Supreme Court in Sifers v. Horen, supra, held that negotiations in Michigan resulting in a retainer for a Kentucky attorney to conduct Kentucky litigation met the constitutional requirements of "transacting any business" within the state.

■ Given the court's holding that there are sufficient "minimum contacts" with the State of Michigan to make *in personam* jurisdiction over these defendants both reasonable and fair, and the Michigan Supreme Court's construction of the statutory language in question as reaching to the full limits allowed under the United States Constitution, it is apparent that service of process in this case was both statutorily and constitutionally sufficient.

This holding is consistent with the holdings of state courts construing similar "long arm" statutes. See Longines-Wittnauer Watch Co. v. Barnes and Reinecke, Inc., 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965); Janklow v. Williams, 43 Misc.2d 1053, 252 N.Y.S.2d 785 (1964); Ziegler v. Houghton Mifflin Co., 80 Ill.App.2d 210, 224 N.E.2d 12 (1967); Aucoin v. Hanson, 207 So.2d 834 (La.App. 3rd Cir. 1968); Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co., 77 N.M. 92, 419 P.2d 465 (1966).

For the reasons stated above defendants' motion to dismiss is hereby denied. Furthermore, because this action arose from negotiations conducted in Michigan and involves documents drafted in Michigan, the defendants' motion to transfer is likewise denied.

It is so ordered.