No. 79–376. LAKESIDE BRIDGE & STEEL CO. v. MOUNTAIN STATE CONSTRUCTION CO., INC. C. A. 7th Cir. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE POWELL joins, dissenting.

I dissent from the denial of the petition for certiorari.

Petitioner, a Wisconsin corporation with its place of business in Milwaukee, Wis., contracted with respondent, a West

Virginia corporation with its principal place of business in Charleston, W. Va., to sell structural assemblies for incorporation by respondent into the outlet works of a dam and reservoir in Virginia. Aside from the contacts arising from the negotiation, execution, and performance of this contract, respondent has never had any connection with the State of Wisconsin. Petitioner's agent initiated the negotiations by visiting respondent's offices in West Virginia and delivering a quotation. The quotation provided that "[a]ny order arising out of this proposal . . . is subject to home office acceptance at Milwaukee, Wisconsin." Respondent then mailed petitioner its purchase order referring to petitioner's quotation. Petitioner signed the purchase order in Milwaukee and returned it to respondent together with a proposed modification, which became part of the contract when respondent treated the modified order as effective. During the course of their negotiations both parties initiated other communications between their respective offices either by telephone or by mail.

The contract provided that the goods were to be shipped "F. O. B. SELLERS [sic] PLANT MILWAUKEE, WISCONSIN with freight allowed to rail siding nearest project site," and stated that Wisconsin law would govern the transaction. According to petitioner, Pet. for Cert. 4, the total contract price was $1,281,750.00. Petitioner proceeded to manufacture the goods at its plant in Wisconsin and ship them to the project site in Virginia. Respondent asserted that some of the goods were defective and withheld part of the purchase price.

Petitioner thereupon filed the present action in a Wisconsin state court to recover the unpaid balance on the contract. It alleged personal jurisdiction under Wisconsin's long-arm statute, Wis. Stat. §§ 801.05, 801.11 (1975), which has been interpreted to reach as far as due process will allow, *Flambeau Plastics Corp.* v. *King Bee Mfg. Co.*, 24 Wis. 2d 459, 464, 129 N. W. 2d 237, 240 (1964). Respondent removed the case

to the United States District Court for the Eastern District of Wisconsin. It there filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to a federal district court in Virginia or West Virginia. The court denied the motion and entered summary judgment for petitioner on the merits.

The Court of Appeals for the Seventh Circuit reversed, 597 F. 2d 596 (1979), holding that respondent's contacts with the Wisconsin forum were not sufficient to satisfy the "minimum contacts" test of *International Shoe Co.* v. *Washington,* 326 U. S. 310, 316 (1945). The court found that the contacts with the forum consisted solely of "unilateral activity of [one] who claim[s] some relationship with a nonresident defendant" of the type found insufficient to sustain personal jurisdiction in *Hanson* v. *Denckla,* 357 U. S. 235, 253 (1958). Although respondent ordered the goods from a Wisconsin corporation with knowledge that they were likely to be manufactured in Wisconsin, respondent did not thereby "purposefully avai[l] itself of the privilege of conducting activities within the forum State," *ibid.,* since the contract left petitioner with absolute discretion as to where the goods would be manufactured. Nor did the Court of Appeals find the requisite minimum contacts in (a) the contract provision requiring shipment f. o. b. petitioner's plant in Milwaukee, (b) respondent's use of interstate telephone and mail services to communicate with petitioner in Wisconsin, or (c) respondent's sending the purchase order to Wisconsin. The Court of Appeals therefore remanded the case to the District Court with directions to vacate the judgment and either dismiss the case or transfer it to another district.

As the Court of Appeals noted, 597 F. 2d, at 601, the question of personal jurisdiction over a nonresident corporate defendant based on contractual dealings with a resident plaintiff has deeply divided the federal and state courts. Cases arguably in conflict with the decision below include: *Pedi Bares, Inc.* v. *P & C Food Markets, Inc.,* 567 F. 2d 933 (CA10

1977); *United States Railway Equipment Co.* v. *Port Huron & Detroit R. Co.,* 495 F. 2d 1127 (CA7 1974); *Product Promotions, Inc.* v. *Cousteau,* 495 F. 2d 483, 494–499 (CA5 1974); *Ajax Realty Corp.* v. *J. F. Zook, Inc.,* 493 F. 2d 818 (CA4 1972), cert. denied *sub nom. Durell Products, Inc.* v. *Ajax Realty Corp.,* 411 U. S. 966 (1973); *In-Flight Devices Corp.* v. *Van Dusen Air, Inc.,* 466 F. 2d 220 (CA6 1972); *O'Hare Int'l Bank* v. *Hampton,* 437 F. 2d 1173 (CA7 1971); *Electro-Craft Corp.* v. *Maxwell Electronics Corp.,* 417 F. 2d 365 (CA8 1969); *Manufacturers' Lease Plans, Inc.* v. *Alverson Draughon College,* 115 Ariz. 358, 565 P. 2d 864 (1977) (en banc); *Colony Press, Inc.* v. *Fleeman,* 17 Ill. App. 3d 14, 308 N. E. 2d 78 (1974); *Miller* v. *Glendale Equipment & Supply, Inc.,* 344 So. 2d 736 (Miss. 1977); *McIntosh* v. *Navaro Seed Co.,* 81 N. M. 302, 466 P. 2d 868 (1970); *State ex rel. White Lumber Sales, Inc.* v. *Sulmonetti,* 252 Ore. 121, 448 P. 2d 571 (1968) (en banc); *Proctor & Schwartz, Inc.* v. *Cleveland Lumber Co.,* 228 Pa. Super. 12, 323 A. 2d 11 (1974); *Zerbel* v. *H. L. Federman & Co.,* 48 Wis. 2d 54, 179 N. W. 2d 872 (1970), appeal dism'd, 402 U. S. 902 (1971). Cases arguably supporting the decision below include: *Republic Int'l Corp.* v. *Amco Engineers, Inc.,* 516 F. 2d 161, 167 (CA9 1975) (dictum); *Whittaker Corp.* v. *United Aircraft Corp.,* 482 F. 2d 1079, 1084–1085 (CA1 1973) (construing state law); *E. R. Callender Printing Co.* v. *District Court,* 182 Colo. 25, 510 P. 2d 889 (1973) (en banc) (construing state law); *Rath Packing Co.* v. *Intercontinental Meat Traders, Inc.,* 181 N. W. 2d 184 (Iowa 1970); *O. N. Jonas Co.* v. *B & P Sales Corp.,* 232 Ga. 256, 206 S. E. 2d 437 (1974) (construing state law); *Marshall Egg Transport Co.* v. *Bender-Goodman Co.,* 275 Minn. 534, 148 N. W. 2d 161 (1967) (construing state law); *Conn* v. *Whitmore,* 9 Utah 2d 250, 342 P. 2d 871 (1959) (construing state law); *Sun-X Int'l Co.* v. *Witt,* 413 S. W. 2d 761 (Tex. Civ. App. 1967). The question at issue is one of considerable importance to contractual dealings between purchasers and sellers located in

different States. The disarray among federal and state courts noted above may well have a disruptive effect on commercial relations in which certainty of result is a prime objective. That disarray also strongly suggests that prior decisions of this Court offer no clear guidance on the question. I would grant the petition in order to address this important problem.