No. 81–1154.   Cox Enterprises, Inc., dba Lufkin News, et al. *v.* Vascocu, Judge, District Court of Angelina County, Texas, et al.   Sup. Ct. Tex.   Certiorari denied.   Justice Brennan would grant certiorari.

No. 81–1270.   Lockheed Corp. *v.* Schneider et al. C. A. D. C. Cir.   Certiorari denied.   Justice O'Connor took no part in the consideration or decision of this petition.

No. 81–1307.   Chelsea House Publishers, a division of Chelsea House Educational Communications, Inc., et al. *v.* Nicholstone Book Bindery, Inc.   Sup. Ct. Tenn.   Certiorari denied.

Justice White, with whom The Chief Justice and Justice Powell join, dissenting.

As I stated in dissenting from the denial of a writ of certiorari in *Lakeside Bridge & Steel Co.* v. *Mountain State Construction Co.*, 445 U. S. 907 (1980), "the question of personal jurisdiction over a nonresident corporate defendant based on contractual dealings with a resident plaintiff has deeply divided the federal and state courts." *Id.*, at 909.   I cited 22 cases in which lower courts had split 14–8 on the question and stressed the "considerable importance [of the issue] to contractual dealings between purchasers and sellers located in different States." *Id.*, at 909–910.   This case presents the same issue as *Lakeside*, and the disarray among federal and state courts noted in *Lakeside* has continued.   Compare *Taubler* v. *Giraud*, 655 F. 2d 991 (CA9 1981), with *Nu-Way Systems of Indianapolis, Inc.* v. *Belmont Marketing, Inc.*, 635 F. 2d 617 (CA7 1980).   For the reasons stated in *Lakeside*, I would grant the petition and set the case for oral argument.