252 N.J. Super. 545 (1991)
600 A.2d 184
FRED CATALANO, PLAINTIFF,
v.
LEASE & RENTAL MANAGEMENT CORP., D/B/A AUTO USE, HAWK REPOSSESSIONS, MIKE'S TOWING AND AT LEASE, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division, Somerset County.
September 26, 1991.
*547 Fred Catalano, plaintiff, pro se.
Theodore E.B. Einhorn, for defendant Lease and Rental Management Corp.
ARNOLD, P.J.Cv.
Plaintiff, Fred Catalano, sued Auto-Use, Inc. (Auto-Use) alleging that it unlawfully repossessed his Mercedes Benz automobile. He seeks the return of the automobile. Auto-Use, a Massachusetts corporation, moved to dismiss on the grounds of lack of in personam jurisdiction. After holding a hearing as required by Meeker v. Meeker, 52 N.J. 59, 72, 243 A.2d 801 (1968), this court denied the motion. This opinion supplements this court's oral opinion. R. 2:5-6(c).
The motion raises an issue not decided in any reported decision from a New Jersey court  who has the burden of proof on the issue of in personam jurisdiction? That issue, and the related issue of how a court should resolve disputes regarding material facts, has been decided by reported decisions of the federal courts. In accordance with those decisions, this court holds that the burden of proof is on plaintiff to establish through sworn affidavits, certifications, or testimony that defendant's contacts with New Jersey are sufficient to give this court in personam jurisdiction. Stranahan Gear Company, Inc. v. N.L. Industries, Inc., 800 F.2d 53 (3 Cir.1986); Nelson by Carson v. Park Industries Inc., 717 F.2d 1120 (7 Cir.1983), cert. den. 465 U.S. 1024, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984); American Telephone & Telegraph Co. v. *548 MCI Communications Corp. 736 F. Supp. 1294 (D.N.J. 1990). In deciding whether plaintiff has satisfied this burden, this court will resolve all disputes concerning material facts presented in the record in plaintiff's favor. Nelson by Carson, supra, 717 F.2d at 1123. Resolving all disputes concerning relevant facts in plaintiff's favor, the facts material to the resolution of this motion are as follows.
Plaintiff is the chairman of the board and chief executive officer of Bee Pollen U.S.A. Inc., (Bee Pollen), a New Jersey corporation having its office in Teaneck, New Jersey. In 1984, plaintiff wanted to lease a Mercedes Benz automobile. He telephoned At-Lease Inc. (At-Lease), a New York corporation having its office in New York City, from Bee Pollen's office in New Jersey. At-Lease referred plaintiff to a Mercedes Benz dealer in Newton, New Jersey where plaintiff selected a car. There were discussions over the telephone between plaintiff, from Bee Pollen's New Jersey office, and At-Lease at its New York office, regarding the terms of the lease. The lease was between Bee Pollen and At-Lease. It was signed by plaintiff in New York and by a guarantor in New Jersey, and the car was delivered to plaintiff by the Mercedes Benz dealer in Newton. Plaintiff was then living in Holmes, New York and he registered and insured the car in New York.
The lease between At-Lease and Bee Pollen was executed on a form with the name Auto-Use in bold letters at the top of the form. Beneath it was the address 10 Haverhill Street, Andover, Massachusetts 01810. At the time the lease was signed, At-Lease assigned the lease to Auto-Use. Title to the automobile passed directly from the New Jersey dealer to Auto-Use. Auto-Use does not have an office in New Jersey, nor is it licensed or registered in New Jersey.
Bee Pollen only paid the monthly lease payments for a few months. Those payments were made by checks mailed from New Jersey to Auto-Use in Massachusetts. After Bee Pollen stopped paying, plaintiff then made all subsequent payments by *549 mailing checks from New Jersey to Auto-Use in Massachusetts. In December 1984, plaintiff moved to Hillsborough Township, New Jersey, registered the car in New Jersey and insured it in New Jersey.
The term of the lease was five years ending in March 1989. It provided that Bee Pollen had an option to purchase the auto for $9,100, which plaintiff testified was exercised on behalf of Bee Pollen. Plaintiff has produced a photocopy of a fully executed retail installment sale contract, dated April 1989, between Bee Pollen and defendant which provides for the sale of the car to Bee Pollen. It is undisputed that plaintiff mailed 14 monthly payments from New Jersey to defendant in Massachusetts, pursuant to the retail installment contract, and that these payments were accepted. Nevertheless, defendant maintains that "no contract to relet or sell the vehicle to plaintiff was made," and has submitted a certification from its president to that effect. This factual dispute for purposes of this motion must be resolved in plaintiff's favor. Nelson by Carson, supra, 717 F.2d at 1123. In June 1990, despite the fact that the retail installment contract provided that "[t]he seller has no right to lawfully enter your premises or commit any breach of peace to repossess goods purchased under this agreement," Auto-Use hired Hawk Repossession, Inc. (Hawk) of Hillside, New Jersey, to repossess the car. When Hawk's employees went to plaintiff's home in Hillsborough Township to repossess the car, they got into an argument with plaintiff and the police were called to maintain order while the car was towed away.
In Lebel v. Everglades Marina, Inc., 115 N.J. 317, 558 A.2d 1252 (1989) the New Jersey Supreme Court noted that 100 years after issuing the opinion in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), the United States Supreme Court "is still laboring to articulate a coherent doctrine of personal jurisdiction within the framework established by that opinion." Lebel, 115 N.J. at 319, 558 A.2d 1252. In deciding Lebel the Court stayed with the basics, i.e., "due process requires only that in order to subject a defendant to a judgment in personam, *550 if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Id. at 322, 558 A.2d 1252 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)). In addition, the court adhered to the "specific/general" jurisdiction dichotomy. Lebel, 115 N.J. at 323, 558 A.2d 1252.
In this case there is no evidence of "continuous and systematic" contacts that would subject defendant to "general jurisdiction." However, this court holds that there is "specific jurisdiction" on two independent bases.

The 1989 Retail Installment Contract.
First, specific jurisdiction exists because the whole contractual relationship surrounding the April 1989 retail sales agreement meets the two-prong test of Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). That two-prong test is: (1) did Auto-Use purposely establish minimum contacts with New Jersey and (2) whether it would offend traditional notions of fair play and substantial justice to entertain the suit. Id. at 476-477, 105 S.Ct. at 2184, 85 L.Ed.2d at 544. As to the first prong of the test, when Auto-Use entered into the retail installment sales agreement in 1989, plaintiff lived in New Jersey, Bee Pollen, the buyer, was a New Jersey corporation, and the car was registered and insured in New Jersey. In addition, the retail sales agreement implied, through the language quoted above, that the car would be repossessed only if a court (presumably a New Jersey court) ordered it in a replevin action. Under such circumstances, these contacts with New Jersey resulted from defendant's conduct with New Jersey and defendant should have reasonably anticipated being haled into court in New Jersey. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. *551 559, 62 L.Ed.2d 490 (1980). Thus, the first prong of the two-prong test is satisfied.
In determining whether the second prong of the test in Burger King has been met, courts may evaluate the following: (1) the burden on defendant; (2) the forum state's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. Burger King, supra, 471 U.S. at 476-477, 105 S.Ct. at 2184, 85 L.Ed.2d at 544.
If defendant is able to present a compelling case that these factors would render jurisdiction unreasonable then the second prong of the test is not satisfied. Burger King, 471 U.S. at 477, 105 S.Ct. at 2184-2185, 85 L.Ed.2d at 544. Defendant has failed to demonstrate any inability to present any evidence that would be available in Massachusetts or any other difficulty presented by having to defend this lawsuit in New Jersey. Furthermore, New Jersey has a legitimate interest in protecting its property owners and particularly in insuring that the repossession of a motor vehicle is conducted in a lawful manner. Under these circumstances, there is no basis for concluding that it would offend traditional notions of fair play and substantial justice to entertain this lawsuit.
Finally, this court disagrees with defendant that the holding in Lebel, supra, requires that the court grant defendant's motion. This court is convinced that the contractual relations surrounding the April 1989 retail-sales agreement present a stronger case for this defendant to be subject to the jurisdiction of the New Jersey courts than the facts in Lebel, supra. In Lebel, the boat was not in New Jersey when the sales contract was signed and it was neither registered nor insured in New Jersey. Rather, the boat was delivered to plaintiff by defendant in Florida after plaintiff signed the retail installment contract, and plaintiff registered the boat in Florida. The *552 Supreme Court held, nevertheless, that there was in personam jurisdiction over defendant because the seller telephoned the buyer in New Jersey to iron out the details, the seller knew the buyer was a New Jersey resident, the buyer signed the contract in New Jersey, and finally the boat was to be shipped to New Jersey.
Accordingly, defendant's motion is denied based on the whole contractual relationship surrounding the 1989 agreement.

The 1984 Lease.
In McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the United States Supreme Court held that a Texas insurance company was subject to the jurisdiction of the California courts in circumstances involving fewer contacts than exist in this case. In McGee, supra, the Texas insurance company assumed the insurance obligations of the insured's previous insurer and sent the insured a reinsurance offer which he accepted. The insured, a resident of California, mailed all premium payments to the insurance company from California. After the insured died the insurance company refused to pay the benefits claiming that the insured's death was a suicide. The witnesses to the insured's death were all residents of California. California has a statute allowing jurisdiction in suits on insurance contracts with California residents even if the insurer could not otherwise be sued in California. Despite the fact that the insurance company had no offices in California, and had apparently never solicited or done any business in California apart from the insurance policy involved in the case, the United States Supreme Court held that it was subject to the jurisdiction of the California courts. While it is not clear whether the holding in McGee applies to all contracts which have a substantial connection with the forum state, or only to industries, like the insurance industry, that are subject to regulation, the language of the opinion seems to be broadly applicable to all businesses and the holding has been so interpreted. Alchemie Intern. Inc. v. Metal World Inc., 523 *553 F. Supp. 1039, 1047, n. 18 (D.N.J. 1981). But see Lakeside Bridge & Steel Co. v. Mountain State Construction Co., 597 F.2d 596, 600 (7 Cir.1979) cert. den. 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980).
In this case, plaintiff testified at the hearing held in accordance with Meeker v. Meeker, supra, that he believed that At-Lease was the agent of Auto-Use because he was told, at the time that the lease was being negotiated, that Auto-Use insisted that certain financial information and security be submitted. Title to the car was transferred from the dealer directly to Auto-Use. Bee Pollen, a New Jersey corporation was the lessee. Lease payments were initially made by Bee Pollen by mail from New Jersey to Auto-Use in Massachusetts. Although Auto-Use has no offices in New Jersey and has not, according to the certification of its president, "ever entered into a lease and/or received an assignment of a lease in which the vehicle was to be located initially in New Jersey and/or operated initially in New Jersey," the lease is an agreement with a New Jersey corporation whose address in the lease is in Teaneck, New Jersey. Under these circumstances, this court holds that Auto-Use had at least the contacts with New Jersey with respect to the 1984 lease that the Texas insurance company in McGee had with California. Accepting a broad interpretation of McGee, there is in personam jurisdiction over defendant based on the 1984 lease.
Accordingly, defendant's motion is denied.