NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1956-15T2

ROBERT J. TRIFFIN,

 Plaintiff-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS
HERNANDO COUNTY,

 Defendant-Respondent,

and

JOHN GIORDANO and MELISSA
GIORDANO,

 Defendants.
—————————————————————————————————————-

 Argued March 2, 2017 – Decided June 7, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Monmouth
 County, Docket No. DC-7774-15.

 Robert J. Triffin, appellant, argued the cause
 pro se.

 James H. Rohlfing argued the cause for
 respondent (Law Offices of William E. Staehle,
 attorneys; Jaunice M. Canning, on the brief).

PER CURIAM
 Plaintiff Robert J. Triffin appeals from the December 8, 2015

Law Division order dismissing his complaint against defendant

Board of County Commissioners Hernando County (the Board) without

prejudice. Plaintiff argues "the trial court committed reversible

error when it . . . dismissed plaintiff's complaint in

contravention of the mandatory venue selection provisions of 15

U.S.C.A. § 1692[i]." Because we conclude this venue selection

statute has no relevance to whether the trial court had personal

jurisdiction over the Board, we reject plaintiff's arguments and

affirm.

 I.

 The Board, a public entity in the State of Florida, issued a

$176.93 refund check to John and Melissa Giordano of Middletown.

The check concerned a Florida property in Hernando County. The

Giordanos cashed the check with Friendly Check Cashing (Friendly)

in New Jersey. The Board's bank declined to pay the check and

returned it to Friendly because the Giordanos had previously cashed

the check electronically.

 Friendly then assigned its rights to plaintiff, who filed

this action against the Giordanos and the Board in Monmouth County.

Only the Board filed an answer, in which it asserted lack of

jurisdiction as a defense. The Board promptly filed a motion to

 2 A-1956-15T2
dismiss plaintiff's claims against it based upon lack of personal

jurisdiction, and plaintiff filed his opposition. After hearing

oral argument, the motion court granted the Board's motion and

dismissed plaintiff's claims against the Board without prejudice.

 II.

 We review a trial court's determination as to jurisdiction

de novo. YA Global Invs., L.P. v. Cliff, 419 N.J. Super. 1, 8

(App. Div. 2011). The court's factual findings, however, will not

be disturbed if "supported by substantial, credible evidence."

Ibid. "[W]e do not disturb the factual findings and legal

conclusions of the trial judge unless . . . they are so manifestly

unsupported by or inconsistent with the competent, relevant and

reasonably credible evidence as to offend the interests of

justice." Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J.

474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J.

Super. 154, 155 (App. Div. 1963)). Nevertheless, we do not defer

to a trial court's application of the law to the facts. Manalapan

Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

 New Jersey may exercise long-arm jurisdiction if it comports

with due process of law. R. 4:4-4(b)(1); see also Charles Gendler

& Co. v. Telecom Equip. Corp., 102 N.J. 460, 469 (1986) (stating

New Jersey courts exercise jurisdiction over non-resident

defendants to the extent permitted by the United States

 3 A-1956-15T2
Constitution). To satisfy due process, the exercise of

jurisdiction must be adequate and reasonable; that is, the non-

resident defendant must have (1) sufficient minimum contacts with

the forum state and (2) reliance upon those contacts to establish

personal jurisdiction do not "offend 'traditional notions of fair

play and substantial justice.'" Blakey v. Cont'l Airlines, 164

N.J. 38, 65 (2000) (quoting Int'l Shoe Co. v. Washington, 326 U.S.

310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945)).

 The "adequacy" of minimum contacts depends on the type of

jurisdiction sought. Pressler & Verniero, Current N.J. Court

Rules, cmt. 3.1.1. on R. 4:4-4 (2016). "There are two types of

personal jurisdiction: specific and general." Jacobs v. Walt

Disney World Co., 309 N.J. Super. 443, 452 (App. Div. 1998).

 Specific jurisdiction is established when a
 defendant's acts within the forum-state give
 rise to the cause of action. In contrast,
 when the defendant's presence in the state is
 unrelated to the subject matter of the
 lawsuit, general jurisdiction may be obtained
 based on the defendant's continuous and
 substantial contacts with the forum.

 [Ibid. (citations omitted).]

Inquiry into specific jurisdiction centers around "the

relationship [between] the [non-resident] defendant, the forum,

and the litigation." Lebel v. Everglades Marina, Inc., 115 N.J.

317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204,

97 S. Ct. 2569, 2579, 53 L. Ed. 2d 683, 698 (1977)). Specifically,
 4 A-1956-15T2
"[t]he record must demonstrate that the [non-resident] defendant

has purposefully availed [it]self of the privilege of engaging in

activities within the forum state, thereby gaining the benefits

and protections of its laws." Waste Mgmt. v. Admiral Ins. Co.,

138 N.J. 106, 120-21 (1994), cert. denied, 513 U.S. 1183, 115 S.

Ct. 1175, 130 L. Ed. 2d 1128 (1995); see also Lebel, supra, 115

N.J. at 324 ("The question is whether 'the defendant's conduct and

connection with the forum State are such that he should reasonably

anticipate being haled into court there.'" (quoting World-Wide

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559,

567, 62 L. Ed. 2d 490, 501 (1980))).

 The burden to prove the sufficiency of a defendant's contacts

with the forum state rests with the plaintiff, most readily

accomplished "through the use of 'sworn affidavits, certifications

or testimony.'" Walt Disney World, supra, 309 N.J. Super. at 454

(quoting Catalano v. Lease & Rental Mgmt. Corp., 252 N.J. Super.

545, 547-48 (Law Div. 1991)). Where plaintiff cannot prove

sufficient contacts to establish specific jurisdiction, it makes

the existence of continuous and systematic activity highly

unlikely. Id. at 453 ("[A] plaintiff seeking to overcome the

challenge to general jurisdiction must show substantially more

than mere minimum contacts to establish this form of personal

jurisdiction.").

 5 A-1956-15T2
 "[T]he venue section of the Federal Fair Debt Collection

Practices Act (Act), 15 U.S.C.A. § 1692i, requires that debt

collection actions be filed either in the county where the debtor

lives or in the county where the debtor signed the contract

underlying the debt." Rutgers-The State University v. Fogel, 403

N.J. Super. 389, 391 (App. Div. 2008). However, "for purposes of

section 1692i, venue must be laid in the state judicial unit which

has jurisdiction over the claim, if that unit is smaller than a

county." Id. at 399. More specifically, 15 U.S.C.A. § 1692i

states:

 (a) Venue. Any debt collector who brings any
 legal action on a debt against any consumer
 shall—

 (1) in the case of an action to enforce
 an interest in real property securing the
 consumer's obligation, bring such action
 only in a judicial district or similar
 legal entity in which such real property
 is located; or

 (2) in the case of an action not
 described in paragraph (1), bring such
 action only in the judicial district or
 similar legal entity—

 (A) in which such consumer signed
 the contract sued upon; or

 (B) in which such consumer resides
 at the commencement of the action.

15 U.S.C.A. § 1692a defines "consumer" as "any natural person

obligated or allegedly obligated to pay any debt." Consequently,

 6 A-1956-15T2
if a defendant is not a natural person, 15 U.S.C.A. § 1692i is

irrelevant to a court's jurisdiction over a defendant concerning

a debt collection claim. Moreover, personal jurisdiction is a

distinct legal requirement from venue. See R. 4:4-4 (addressing

in personam jurisdiction); R. 4:3-2 (addressing venue).

 Plaintiff argues that because 15 U.S.C.A. § 1692i required

him to file his complaint against the Giordanos in Monmouth County,

the motion court should have found it had jurisdiction over the

Board. This argument clearly lacks merit. While plaintiff

correctly notes he had to file his debt collection claim against

the Giordanos in Monmouth County, see U.S.C.A. § 1692i, he

incorrectly asserts this venue provision enables him to sue a

defendant in a court that lacks personal jurisdiction over it.

See R. 4:4-4(b)(1); Charles Gendler & Co., supra, 102 N.J. at 469;

Fogel, supra, 403 N.J. Super. at 399.

 The Board's only contact with New Jersey was the check it

issued to the Giordanos, who then cashed it with a New Jersey

company after previously cashing it electronically. This contact

is inadequate to satisfy "traditional notions of fair play and

substantial justice." Blakey, 164 N.J. at 65 (quoting Int'l Shoe

Co., supra, 326 U.S. at 316, 66 S. Ct. at 158, 90 L. Ed. at 102).

Further, 15 U.S.C.A. § 1692i is irrelevant to whether the trial

 7 A-1956-15T2
court had personal jurisdiction over the Board, which is not a

natural person. See U.S.C.A. § 1692a.

 Affirmed.

 8 A-1956-15T2