FLAMBEAU PLASTICS CORPORATION, Respondent, v. KING BEE MANUFACTURING COMPANY, Appellant.

*June 3—June 30, 1964.*

For the appellant there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondent there was a brief by *Langer, Cross & Langer,* attorneys, and *Howard F. Smiley* of counsel, all of Baraboo, and oral argument by *Clyde C. Cross.*

FAIRCHILD, J.   Sec. 262.05, Stats., lists the situations in which a court of this state has jurisdiction over a person served in an action pursuant to sec. 262.06.  Sec. 262.06 provides that a court of this state which has grounds for personal jurisdiction under sec. 262.05 may exercise it by service of summons in a manner specified in sec. 262.06.

Sec. 262.06 (5), Stats., authorizes service upon a corporation outside the state, as appears to have been done in this case.  Thus the question is whether grounds for personal jurisdiction exist under sec. 262.05.  Defendant raises no constitutional objections, but contends that there are no grounds for personal jurisdiction as set forth in the statute.

The following facts appear in the complaint:

Plaintiff is a Wisconsin corporation engaged in the business of manufacturing plastic goods at Baraboo, Wisconsin.

Defendant is an Illinois corporation with plant and office in that state. By correspondence in the first quarter of 1961, plaintiff and defendant entered into a contract by which the defendant agreed to purchase from plaintiff one million clearance light assemblies at $.089 per set, for a total price of $89,000. The items were to be delivered at such times and in such quantities as defendant should direct within fifteen months. The items were to be manufactured in Baraboo, terms f.o.b. Baraboo or Milwaukee, and payment was to be made by defendant at plaintiff's Baraboo office. Defendant placed orders for a total of 37,569 sets. Plaintiff filled each order and defendant paid for the sets. Defendant failed to place any further orders. As part of its obligations under the contract, plaintiff provided three molds for the manufacture of the sets; the parties agreed that out of the total contract price of $89,000, $16,700 was for the cost of the molds and that of the unit price of $.089, 1.67 cents was to be allocated to mold amortization. At the end of the fifteen-month period plaintiff, "foregoing its cause of action against defendant for its loss of profits" on the sets not ordered, billed defendant for the remaining portion of the mold cost amortization, or $16,072.60. Defendant acknowledged its indebtedness to plaintiff in that amount and made payments totaling $900. Plaintiff brought this action for the balance of $15,172.60 plus interest.

Sec. 262.05 (1) (d), Stats., provides that a court of this state has jurisdiction over a person served,

"(1) In any action whether arising within or without this state, against a defendant who when the action is commenced:

". . .

"Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

Plaintiff apparently concedes for the purpose of this appeal that defendant has not been engaged in activities in Wisconsin except as alleged in the complaint, but argues that defendant's action in entering into the contract alleged, with a Wisconsin resident and to be performed in Wisconsin, gave defendant a sufficient local status to subject it to personal jurisdiction of a Wisconsin court under sec. 262.05 (1)(d), Stats. Because of the conclusion we reach on other points, it is unnecessary to decide this one. We pass it by, except to express some doubt whether the dealings alleged gave defendant sufficient contact with Wisconsin to be a foundation for personal jurisdiction in an action totally unrelated to the transactions alleged, even if the action were commenced while the transactions alleged could reasonably be said to be continuing.

Plaintiff further contends that the nature of the action as it appears from the allegations of the complaint, falls within one or more of the grounds of personal jurisdiction set forth in sec. 262.05 (5) (a), (b), and (c), Stats.

Sec. 262.05 (5), Stats., provides that a court has jurisdiction over a person served,

"(5) In any action which:

"(a) Arises out of a promise, made anywhere to the plaintiff . . . by the defendant . . . to pay for services to be performed in this state by the plaintiff; or

"(b) Arises out of . . . services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or

"(c) Arises out of a promise, made anywhere to the plaintiff . . . by the defendant to . . . receive within this state . . . goods, documents of title, or other things of value; . . ."

Sec. 262.05, Stats., entitled, "Personal jurisdiction, grounds for generally" was enacted as part of ch. 226, Laws

of 1959, effective July 1, 1960. It is the result of a long and detailed study of the constitutional concepts of jurisdiction over the person and "doing business" by Professor G. W. Foster, Jr., of the University of Wisconsin Law School. Professor Foster's revision notes [1] make it clear that the statute was intended to provide for the exercise of jurisdiction over nonresident defendants to the full extent consistent with the requisites of due process of law. The statute is divided between general contacts with Wisconsin and actions arising out of specific contacts with this state. With respect to the latter, Professor Foster stated (pp. 22, 23):

"The principal modern developments in state judicial jurisdiction over persons (both individual and corporate) have veered sharply away from the grounds of presence and consent, and the new grounds depend importantly upon the relation between the state and the particular litigation sued upon. Importance attaches to what, with respect to the action brought, the defendant has caused to be done in the forum state.

" . . .

"From this it is evident that contacts of various kinds may have a quality sufficient to satisfy due process. Subs. (3) through (10) rely upon a wide variety of contacts in defining the grounds for the exercise of personal jurisdiction. These grounds are stated in terms of specific kinds of actions in which the defendant's contacts with the state make it reasonable to require him to stand trial within the state in the case described."

Sec. 262.05 (5), Stats., is entitled, "Local services, goods or contracts." Professor Foster commented, in part (pp. 23, 28):

"In the second situation there is some degree of consensual privity between the plaintiff and defendant with respect to the action brought. In these cases it is not necessary

---

[1] Reprinted in the pocket part of 30 W. S. A., pp. 21–34, sec. 262.05. These notes originally appeared in the draft of the statute published by the Judicial Council in 1959.

that the defendant have done any act within the state; the basis for personal jurisdiction is rather that the defendant has entered some consensual agreement with the plaintiff which contemplates a substantial contact in Wisconsin. The contemplated contact may include performance of services in the state by either party, the production, use or consumption of goods within the state, . . .

"

"Three jurisdictional facts are required by this subsection: (i) a claim arising out of a bargaining arrangement made with the defendant by or on behalf of the plaintiff; (ii) a promise or other act of the defendant, made or performed anywhere, which evidences the bargaining arrangement sued upon; and (iii) a showing that the arrangement itself involves or contemplates some substantial connection with the state. The existence of a contract between the parties is not a jurisdictional fact, but a question to be decided on the merits if the jurisdictional facts are found to exist. No other contacts than those stated are required; an isolated bargaining arrangement giving rise to the action brought is a sufficient basis for jurisdiction. Nor, when jurisdiction is grounded on subs. (5) (a) or (c), is it material that the arrangement remains executory.

"Various types of bargaining arrangements are dealt with in the subsection. Arrangements for the performance of services within the state by either party for the other are dealt with in subs. (5) (a) and (b). Arrangements under which either party is to deliver or receive possession of goods within the state are dealt with in subs. (5) (c). Actions arising out of defects in goods actually received in or shipped from the state by either party are the subject of subs. (5) (d) and (e).

"

"In summary actions arising out of isolated bargaining transactions have been regarded as supporting the exercise of personal jurisdiction in numerous situations where the transactions involved, or contemplated, some substantial contact with the forum state. Among the contacts thought sufficient are: agreements under which either party promised to perform services in the forum; agreements either to take delivery in the state of goods from the plaintiff, or to deliver goods to the plaintiff in the state; and agreements

under which the plaintiff took delivery of goods f.o.b. the defendant's place of business outside the state, but under circumstances in which the defendant had reason to know the plaintiff would use or consume the goods in the forum state."

Plaintiff contends that because the contract price of the assemblies was f.o.b. Baraboo or Milwaukee, and because the molds became defendant's property, to be turned over upon full payment, the contract included a promise by defendant to receive goods in Wisconsin, and, accordingly, grounds for personal jurisdiction existed, as described by par. (c) of sec. 262.05 (5), Stats. We need not decide whether par. (c) is applicable to the situation before us because we conclude that grounds exist as described in both par. (a) and par. (b).

In our opinion, the action set forth in the complaint arises out of a promise by defendant to pay for services to be performed by plaintiff in Wisconsin, and, thus, that par. (a) of sec. 262.05 (5), Stats., describes a ground for personal jurisdiction. It is immaterial that plaintiff, either voluntarily, or by subsequent agreement, is seeking recovery only for the unpaid and unamortized cost of the molds which it produced in order to perform the contract. For the purpose of measuring the extent of defendant's contact with Wisconsin, its alleged obligation to pay part of the cost of the molds "arises" out of the original promise to pay for one million plastic assemblies. It is also immaterial that the contract required payment upon delivery of finished goods, since it is alleged that the parties contemplated that the goods to be purchased would be produced by plaintiff's manufacturing efforts in Wisconsin. In the light of the purposes of the statute, a promise to pay for goods to be manufactured by the seller in Wisconsin must be deemed a promise to pay for the services of the seller as well as the transfer of the finished product.

We conclude also, that the action set forth in the complaint arises out of services actually performed in Wisconsin by plaintiff for defendant. It appears from the complaint that the molds were made by plaintiff for the production of the plastic assemblies and would be the property of defendant. Because the recovery sought is the unpaid and unamortized portion of the cost of the molds, the action must likewise be said to arise out of services actually performed within this state by plaintiff for defendant and with defendant's authorization. Thus par. (b) of sec. 262.05 (5), Stats., also describes a ground of personal jurisdiction applicable to this action.

The circuit court properly overruled the demurrer. It gave defendant ten days in which to answer, and that period must now run from the date this record is returned to the circuit court.

*By the Court.*—Order modified so that the ten-day period for defendant's answer will run from the date this record is returned to the circuit court and, as so modified, affirmed.