

Paul & Slate, William R. Slate, Markesan, Wis., for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a diversity action to recover damages for an alleged breach of contract and for conversion. The plaintiff is an Illinois corporation with its principal place of business in Illinois. The defendant is an Indiana corporation with its principal place of business in Indiana. Service of process on the defendant was made in Indiana.

The case is now before the court on the defendant's motion to dismiss the complaint on two grounds: that this court lacks jurisdiction over the defendant, and that there is no venue in this district. The court's order on the issue of jurisdiction will make the question of venue moot.

The complaint alleges that the parties entered into a contract whereby the plaintiff was to purchase from the defendant 10000 polystyrene cooler units,

and the plaintiff was to furnish certain industrial dies to be used in the manufacturing process. The complaint avers that the plaintiff delivered the dies from its Illinois office to the defendant's plant in Indiana; following such delivery, the defendant is alleged to have broken the contract.

An affidavit filed by the defendant states that the defendant corporation does not do business in the state of Wisconsin. It further sets forth that the transaction in question was in no way connected with this state. In its brief, the movant states that the contract between the parties was consummated outside of this state and was to be performed totally in Illinois and Indiana.

The materials on file in this action show no connection between the parties and this state with the exception of the following statement in the plaintiff's brief:

"Much of the contract negotiations and correspondence with the defendant's corporation were carried on within the State of Wisconsin."

The foregoing unsworn statement is directly contradicted by the defendant's affidavit which avers that "(t)he transaction upon which the complaint was grounded * * * was not in any way connected with the state of Wisconsin." However, even if it were true that some of the contract negotiations were carried on within this state, such contacts, standing alone, would seem insufficient under the relevant Wisconsin statute. to establish jurisdiction over Formex Corporation.

Personal jurisdiction over this defendant could be obtained only by satisfying one of the tests set down in Wis.Stat. 262.05, which is incorporated by reference into rule 4(e), Federal Rules of Civil Procedure. Difficult constitutional questions often arise in jurisdiction disputes. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). However, in the case at bar the court need not reach or resolve such questions since the statute itself provides no basis for assuming jurisdiction.

Section 262.05 is quite broad in scope, but each of its subsections demands some meaningful contact between the defendant and the state. Under the terms of the statute, mere preliminary negotiations at the time of the signing of the contract between two foreign corporations, without more, would not be sufficient. For example, subsection (1) permits the court to assume jurisdiction over a foreign corporation which, *at the time the action is commenced,* is "engaged in *substantial* and not isolated activities within this state * * *." (emphasis added). No other portion of § 262.05 authorizes jurisdiction upon the facts in this case. See Travelers Ins. Co. v. George McArthur & Sons, 25 Wis.2d 197, 130 N.W.2d 852 (1964).

Since no other type of contact is even claimed, a federal court in Wisconsin has no jurisdiction over the defendant. Upon the prospect of such ruling, the plaintiff asks that the action be transferred to either the "Illinois or the Indiana District Courts." Section 1406 of Title 28, U.S.C. authorizes a district court to make such a transfer. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) and Dubin v. United States, 380 F.2d 813 (5th Cir. 1967). However, such transfer is to be made only if it appears to be in the interests of justice. The plaintiff has offered no facts or circumstances which would indicate that such is the case, and the court concludes that it cannot find that the interests of justice warrant a transfer.

Therefore, it is ordered that the defendant's motion to dismiss the complaint be and hereby is granted.