**David McCALLA et al., Plaintiff,**

v.

**A. J. INDUSTRIES, INC., et al., Defendants.**

Civ. A. No. 71–C–573.

United States District Court, E. D. Wisconsin.

Jan. 12, 1973.

Robert J. Misey, Patrick T. McMahon and Vernon Erbstoeszer, Milwaukee, Wis., for plaintiffs.

John Scripp, Milwaukee, Wis., and H. Vincent McNalley, Los Angeles, Cal., for defendant A. J. Industries, Inc.

John Harris, Russellville, Ark., for defendants Marine Sales and Services, Inc. and Charles Smith.

## MEMORANDUM DECISION AND ORDER FOR DISMISSAL

REYNOLDS, District Judge.

This is a diversity action for alleged misrepresentation and breach of contract. Plaintiffs were Wisconsin consumers at the time this action arose. Plaintiff Vernon Erbstoeszer is still a citizen of Wisconsin; plaintiff David McCalla is now a citizen of Florida. They are seeking to rescind a contract in which they purchased a houseboat from defendants. Defendant Marine Sales and Services, Inc., is the Arkansas corporation that sold plaintiffs the houseboat. Its chief managing officer is defendant Charles Smith, a citizen of Arkansas; it is allegedly an agent of defendant A. J. Industries, Inc., a Delaware corporation with its principal place of business in California. Marine Sales and Services, Inc., and Charles Smith were served in Russellville, Arkansas; A. J. Industries, Inc., was served in Los Angeles, California.

The issue presented is whether this court has personal jurisdiction over defendants. For personal jurisdiction to exist it must arise under one of the provisions of the Wisconsin long-arm statute, Wis.Stats. § 262.05, and the provision, as applied to defendants, must satisfy the constitutional requirements of due process.

The due process question need not be considered for I conclude that § 262.05 does not provide for personal jurisdiction over defendants under the facts of this case. Accordingly defendants' motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is granted.

For purposes of this motion I find the following facts. On January 24, 1970, in Russellville, Arkansas, plaintiffs entered into a verbal agreement for the purchase of a houseboat at the price of $31,000. Among the verbal representations defendants made was that the boat was "sufficiently seaworthy, safe, and fit for plaintiffs' intended use of it in the Mississippi River, the Gulf of Mexico, the inland waterways of the eastern coast of the United States, the Great Lakes, and the open ocean." (Paragraph 5 of plaintiffs' complaint.) Defendants knew the boat would also be used in Wisconsin.

Two days later defendant Smith sent a letter to plaintiffs' address in Oconomowoc, Wisconsin, repeating the terms discussed verbally in Arkansas. Plaintiffs replied by sending defendants a $5,000 deposit. In the accompanying letter plaintiffs referred to defendant Smith's letter to them as merely a quotation letter, confirming the agreement actually reached in Arkansas. In their original complaint plaintiffs again indicated that Smith's letter merely confirmed the prior agreement. Subsequently, however, plaintiffs alleged in their brief that Smith's letter created the contract and that, therefore, the contract was created in Wisconsin. Since the location of the contract's creation does not affect the outcome of this opinion, plaintiffs' latest allegation will be presumed correct.

No other contacts between the defendants and the State of Wisconsin are alleged. Several months later defendant Marine Sales and Service, Inc., delivered the boat at a site outside Wisconsin. After less than four months of actual use, plaintiffs learned that the boat would not perform as represented. They asked for rescission of the contract, but defendants refused.

Under Rule 4 of the Federal Rules of Civil Procedure, federal district courts have jurisdiction over at least those persons who could be reached by the courts of the state in which the district court is located. Rules 4(d)(7) and 4(e), Federal Rules of Civil Procedure. Since the specific provisions of Rule 4 giving federal courts a greater range of in personam jurisdiction than their state counterparts do not apply to these defendants, see Rule 4(f), jurisdiction must

arise under the Wisconsin long-arm statute, Wis.Stats. § 262.05.

Plaintiffs believe defendants fall within the sweep of § 262.05(5)(c). The pertinent portions of subsection 262.-05(5) provide:

"(5) *Local services, goods, or contracts.* [A court of this state has jurisdiction over a person] [i]n any action which:

\*   \*   \*   \*   \*   \*

"(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or

\*   \*   \*   \*   \*   \*

"(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."

The subsection reflects the modern extension of in personam jurisdiction. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957); Travelers Health Assn. v. Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950). It is designed to reach persons like the defendants here who were not regularly doing business in the state but whose isolated contact with the state was related to the very cause of action in question. Nagel v. Crain Cutter Co., 50 Wis.2d 638, 643, 184 N.W.2d 876, 880 (1971). Yet even under the most liberal interpretation, none of its provisions can be said to apply to these defendants.

In relying on paragraph (c) plaintiffs evidently believe the action "[arose] out of a promise \* \* \* by defendant[s] to deliver \* \* \* within this state \* \* \* goods \* \* \*."\* But plaintiff has never alleged that defendants promised to deliver the boat in Wisconsin. They admit that delivery, in fact, occurred elsewhere. It appears from the language of the paragraph that its major purpose was to reach defendants who breached executory contracts which, if executed, would have involved substantial connection with the state. That the contract here was executed further indicates that the paragraph simply does not apply.

The only support for the strained interpretation of paragraph (c) needed to bring these defendants within its reach comes from the revision notes to § 262.-05(5) as a whole. 30 Wis.Stat.Ann. § 262.05 (1972 Supp.), at 36–53. The notes were prepared by Professor George W. Foster, Jr., of the University of Wisconsin Law School. They originally appeared in the draft of § 262.05 published by the Judicial Council in 1959, and they have been cited with approval by the Wisconsin Supreme Court. Pavalon v. Fishman, 30 Wis.2d 228, 232, 140 N.W.2d 263, 266 (1966); Flambeau Plastics Corp. v. King Bee Mfg. Co., 24 Wis.2d 459, 464, 129 N.W.2d 237, 240 (1964). In relevant part they provide:

"Three jurisdictional facts are required by this subsection [subsection (5)]: (i) a claim arising out of a bargaining arrangement made with

---

\* Plaintiff does not seek to base jurisdiction on § 262.05(4) or on § 262.05(5)(e). Section 262.05(4) provides that jurisdiction exists "[in] any action claiming injury to \* \* \* property within this state arising out of an act \* \* \* outside this state by the defendant, provided in addition that at the time of the injury \* \* \* (b) [p]roducts \* \* \* manufactured by the defendant were used \* \* \* within this state in the ordinary course of trade." Though this language may appear to cover defendant, the Wisconsin Supreme Court has held that § 262.05(4) was not intended to apply to contract cases. Nagel v. Crain Cutter Co., 50 Wis.2d 638, 640, 184 N.W.2d 876, 878 (1971). Section 262.05(5)(e) might apply if the houseboat had been "actually received" in Wisconsin even though defendants delivered it elsewhere. Plaintiffs, however, do not indicate where the boat was "actually received." See Pavalon v. Fishman, 30 Wis.2d 228, 140 N.W.2d 263 (1966).

the defendant by or on behalf of the plaintiff; (ii) a promise or other act of the defendant, made or performed anywhere, which evidences the bargaining arrangement sued upon; and (iii) a showing that the arrangement itself involves or contemplates some substantial connection with the state * * *. No other contacts than those stated are required * * *. * * * " 30 Wis.Stat.Ann. § 262.05 (1972 Supp.), at 43.

In this case the first two requirements are clearly met. And arguably the contract "involved and comprehended a substantial connection with the state" since it was created here and defendants knew the boat would be used substantially here.

But satisfying the three general requirements mentioned in the revision notes will not substitute for the failure to come within the particularized provisions of the statute itself. Moreover, the revision notes and the provisions of the statute are not inconsistent as long as the "substantial connection[s] with the state" referred to in the revision notes are construed to mean only those specific connections described in the provisions of the statute. Under this construction of the revision notes the contract did not have a "substantial connection" with Wisconsin.

The Wisconsin Supreme Court's most recent treatment of § 262.05(5) supports the approach to the subsection taken here. In Nagel v. Crain Cutter Co., 50 Wis.2d 638, 184 N.W.2d 876 (1971), a Wisconsin inventor was attempting to sue a California manufacturer for breach of a licensing agreement under which the parties had operated for seven years. Rather than consider directly whether the contract involved a substantial connection with the state, the court merely considered in turn the applicability of each provision of § 262.05(5). Finding all inapplicable, the court upheld the decision granting defendant's motion to dismiss.

In declining to depart from the apparent intent of the legislators expressed in the plain meaning of the provision's language, the court was influenced by the serious due process question that taking jurisdiction would raise. Nagel v. Crain Cutter Co., supra, at 645. Yet the due process question raised by taking jurisdiction in this case simply because defendants sent a letter into the state and knew that the boat would be used somewhat in the state would be at least as serious. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Balistrieri v. O'Farrell, 324 F.Supp. 151 (E.D.Wis.1971); Uni-Pak Inc. v. Formex Corp., 300 F.Supp. 527 (E.D.Wis. 1969); Erlanger Mills, Inc. v. Cohoes Febre Mills, Inc., 239 F.2d 502 (4th Cir. 1956).

It is therefore ordered that defendants' motion to dismiss this action be and it hereby is granted.