PY–VAVRA, ARCHITECTS–ENGI-
NEERS, INC., a Wisconsin cor-
poration, Plaintiff,

v.

Samuel A. GILPIN, Defendant.

No. 74–C–346.

United States District Court,
E. D. Wisconsin.

Nov. 4, 1974.

Quarles & Brady, by James H. Bax-
ter, III, Milwaukee, Wis., for plaintiff.

Weiss, Steuer, Berzowski & Kriger, by
John P. Brady, Milwaukee, Wis., for
defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a motion to dismiss pursuant
to Rule 12(b)(2). Federal Rules of
Civil Procedure. The issue is whether
this court has personal jurisdiction over
the defendant under the Wisconsin long-
arm statute, § 262.05(5)(a) and (b),
Wis.Stats. (1971). Those portions of
the statute read as follows:

"262.05 Personal jurisdiction, grounds
for generally. A court of this state
having jurisdiction of the subject mat-
ter has jurisdiction over a person
served in an action pursuant to s. 262.-
06 under any of the following circum-
stances:

. . . . . .

(5) *Local Services, Goods, or Con-
tracts.* In any action which:

(a) Arises out of a promise, made
anywhere to the plaintiff or to some
third party for the plaintiff's benefit,
by the defendant . . . to pay for
services to be performed in this state
by the plaintiff; or

(b) Arises out of services actually
performed . . . for the defend-
ant by the plaintiff within this state
if such performance within this state
was authorized or ratified by the de-
fendant;"

The plaintiff, a Wisconsin corporation,
contracted with the defendant, a citizen
of Illinois, to supply architectural and
engineering services in connection with
the defendant's development of a hotel
in Florida. As the contract was origi-
nally conceived, eighty-five percent of
such services, in terms of time spent,
were to be performed at the plaintiff's

office at Milwaukee, Wisconsin. It is alleged that, in fact, eighty-eight percent of the time spent by the plaintiff in the performance of the contract was spent in Wisconsin. The plaintiff is not suing under the whole contract because it has been paid for its professional services. Rather, the plaintiff is suing only for out-of-pocket expenses which it claims are reimbursable under the contract.

The defendant concedes at page 2 of his reply brief that "if the plaintiff had commenced this action for the recovery of sums due for *services* rendered within the State of Wisconsin, jurisdiction would lie therein [under § 262.05(5)(a) and (b)]." (emphasis supplied)

It is the defendant's position that the plaintiff had two separate claims: (1) for professional services to be rendered in Wisconsin (with respect to which jurisdiction lies under § 262.05(5)(a) and (b), but for which the plaintiff has already been paid), and (2) for the reimbursement of expenses (with respect to which no jurisdiction lies under § 262.05(5)(a) and (b), but which is the subject of this action.) In my judgment, personal jurisdiction exists over the defendant as to the claim for reimbursement because this action is based on and arises out of what is alleged to be a single contract, which provides both for compensation for professional services to be performed in Wisconsin and for the reimbursement of expenses incurred in connection with the performance of those services. See Zerbel v. H. L. Federman & Co., 48 Wis.2d 54, 179 N.W.2d 872 (1970). See also Flambeau Plastics Corp. v. King Bee Mfg. Co., 24 Wis.2d 459, 129 N.W.2d 237 (1964); compare Nagel v. Crain Cutter Company, 50 Wis.2d 638, 184 N.W.2d 876 (1971).

Therefore, it is ordered that the defendant's motion to dismiss be and hereby is denied.