UNIVERSAL FOODS CORP., a Wisconsin Corporation, Plaintiff,

v.

WILLIAM INGLIS & SONS BAKING CO., a California Corporation, Weston W. Inglis and John Inglis, Defendants.

Civ. A. No. 76–C–641.

United States District Court,
E. D. Wisconsin.

Nov. 21, 1977.

---

Jordan B. Reich, Milwaukee, Wis., for plaintiff.

D. Michael Guerin, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff, Universal Foods Corp., commenced this diversity action alleging that the defendant William Inglis & Sons Baking Co. is liable to it in the amount of $48,891.83 for goods sold and delivered to the defendant in California. The defendants Weston W. Inglis and John Inglis are being sued in their capacities as guarantors of William Inglis' obligation. The defendant Weston Inglis moved to dismiss the action for lack of personal jurisdiction, improper venue, and failure to state a claim. For the reasons hereinafter stated, the defendant's motion is granted as to all the defendants.

All three defendants are residents of California. On February 14, 1974, the defendants Weston W. Inglis and John Inglis executed a guarantee for the payment of goods sold or delivered to William Inglis & Sons Baking Co. (the corporate defendant) by the plaintiff. In consideration of this guarantee, the plaintiff, on April 8, 1974, agreed to extend credit to the corporate defendant.

In opposition to the motion to dismiss, the plaintiff contends that this court has jurisdiction over Weston Inglis pursuant to § 801.05(5)(c) and (e), Wis.Stats. (1975). In support of this contention, the plaintiff has submitted the affidavits of Carl Beckstedt, Jr., and Barbara Fischer, which affidavits set forth the jurisdictional facts relied on.

■ The pertinent facts as set forth in the affidavits and the attached exhibits. are as follows. The plaintiff conducted negotiations with the defendants by mail and by telephone from its Wisconsin office. The guarantee and the credit extension were executed in California. As a result of the agreement, the plaintiff shipped goods to the defendants in California and received payment in Wisconsin. All necessary credit approvals were made in Wisconsin. All statements of accounts payable were prepared in Wisconsin.

Sections 801.05(5)(c) and (e) provide in pertinent part:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

\*　　\*　　\*　　\*　　\*　　\*

"(5) LOCAL SERVICES, GOODS OR CONTRACTS. In any action which:

\*　　\*　　\*　　\*　　\*　　\*

"(c) Arises out of a promise, made anywhere to the plaintiff \* \* \* by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or

\*　　\*　　\*　　\*　　\*　　\*

"(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."

These sections are inapplicable to Weston Inglis.

The credit agreement guaranteed by Weston Inglis resulted in the shipment of goods by the plaintiff to California. In exchange for those goods, the plaintiff was to receive payment in Wisconsin. The corporate defendant did not promise to "deliver or receive" within Wisconsin, or "to ship" from Wisconsin "goods, documents of title, or other things of value." The corporate defendant agreed to have goods shipped by

the plaintiff from Wisconsin. On its face, § 801.05(5)(c) does not apply to the agreement.

Subsection (e) is equally inapplicable to Weston Inglis. The agreement entered into between the parties called for the receipt of payment in Wisconsin. This is the only thing that the plaintiff was to receive in Wisconsin from the defendants. This fact alone is insufficient to establish jurisidiction under subsection (e), for money is not a "thing of value" within the meaning of the subsection. *Nagel v. Crain Cutter Co.*, 50 Wis.2d 638, 184 N.W.2d 876 (1970).

The jurisdictional facts relating to precontract negotiations and post-contract accounting operations of the plaintiff have no relevancy to § 801.05(5)(c) or (e).

Although the motion to dismiss was filed on behalf of Weston Inglis only, it appears from the briefs of the parties that the other defendants have joined in the motion. The requisite jurisdictional facts are lacking as to them as well.

The position of the defendant John Inglis is identical to that of Weston Inglis, and the motion is granted as to him for the reasons set forth above.

The position of the corporate defendant is identical to that of the guarantor defendants, but since in its capacity as a corporate defendant an additional jurisdictional argument has been advanced by the plaintiff, it must be dealt with separately by the Court.

The plaintiff contends that the Court has jurisdiction over the corporate defendant by virtue of the test set forth in *Flambeau Plastics Corp. v. King Bee Mfg. Co.*, 24 Wis.2d 459, 129 N.W.2d 237 (1963). In *Flambeau*, the Wisconsin Supreme Court held that three jurisdictional facts were required by the statute: (1) a claim arising out of a bargaining arrangement between or on behalf of the parties; (2) a promise or act of the defendant evidencing the bargaining arrangement; and (3) a showing that the arrangement contemplates a substantial connection with the state. The plaintiff has failed to satisfy the third element.

The only contact that the corporate defendant had with the state as a result of the credit agreement was the payment it made to the plaintiff. This isolated contact does not fall within the meaning of "substantial connection." The revision notes to § 801.05 W.S.A. at 74 state:

"* * * Among the contacts thought sufficient are: agreements under which either party promised to perform services in the forum; agreements either to take delivery in the state of goods from the plaintiff, or to deliver goods to the plaintiff in the state; and agreements under which the plaintiff took delivery of goods f.o.b. the defendant's place of business outside the state, but under circumstances in which the defendant had reason to know the plaintiff would use or consume the goods in the forum state."

These examples are essentially captured in the language of § 801.05(5)(c). It is clear from the notes and the wording of § 801.-05(5)(c) that the mere receipt of money in the State of Wisconsin does not establish a substantial connection with the state.

For the foregoing reasons,

IT IS ORDERED that the motion of the defendants to dismiss the complaint for lack of personal jurisdiction is granted.