**SED, INC., Plaintiff,**

v.

**BOHAGER/GOODHUES, INC. and Frank P. R. Bohager & Sons, Inc., Defendants.**

No. 81–C–637.

United States District Court, E. D. Wisconsin.

April 13, 1982.

Scott V. Lowry, Waukesha, Wis., for plaintiff.

Stanley H. Michelstetter, II, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

In this action, the plaintiff asserts that the defendants owe it $29,192.84, as provided in contracts between the parties, under which the plaintiff shipped certain goods to the defendants and performed other services. The defendants raise several grounds for dismissal or summary judgment.

The defendants move to quash the return of summons on the defendant Bohager/Goodhues on the ground that no one authorized to receive service was served. After some confusion, the parties determined that the resident agent for service for that defendant was Douglas W. Biser. See affidavit of Sandra L. Peterson, filed October 10, 1981, exh. A. The court's file contains a marshal's service form dated September 17, 1981, which indicates that Mr. Biser was personally served on that date. Therefore, the defendants' motion to quash will be dismissed as moot.

Of the other motions raised by the defendants, I find that I need only resolve their motion to dismiss on the ground of a lack of personal jurisdiction. The plaintiff is a Wisconsin corporation engaged in the business of disposing of PCB waste products, licensed by the state of Wisconsin and regulated by both that state and the federal government. The defendants are both Maryland corporations. The parties have submitted several affidavits on this issue which when taken together reveal several uncontroverted factual matters.

Damien Bohager, the president of Bohager/Goodhues, avers that he learned of the plaintiff's business from an advertising circular he received at his business in Maryland. After receiving the circular, he called the plaintiff and negotiations began. Affidavit of Damien Bohager, filed September 29, 1981, ¶¶ 2–3. The parties negotiated two contracts for the shipment of PCB storage containers to the defendants; these contracts are attached to the complaint. The storage containers were manufactured in Wisconsin, and significant services under the contracts were performed in Wisconsin by the plaintiff. See affidavit of Sharon Brown, filed September 8, 1981, ¶ 8.

The first contract was between the plaintiff and the defendant corporation Frank Bohager & Sons. The plaintiff does not dispute that the contract was executed by that defendant in Maryland on July 14, 1980, and mailed to the plaintiff. The plaintiff executed the first contract in Wisconsin on July 23, 1980. The second contract was between the plaintiff and the defendant Bohager/Goodhues. That defendant executed the second contract in Maryland on September 16, 1980; there is no dispute that it was hand-delivered to the plaintiff's Wisconsin location by an attorney for Bohager/Goodhues. The attorney also carried a check for payment; he delivered the contract and the check, observed the execution of the contract by a representative of the plaintiff, and received a copy of the fully executed contract. Brown affidavit, ¶ 7; affidavit of Stephen Ransdell, filed September 25, 1981, ¶¶ 3–4. The check was eventually returned for insufficient funds, prompting this lawsuit.

Jurisdiction in this action is based on diversity; thus this court has all the jurisdictional power of a Wisconsin state court. Rules 4(e) and 4(d)(7), Federal Rules of Civil Procedure. If one were to consider only the terms of the Wisconsin long-arm statute, a Wisconsin court could assert jurisdiction over the plaintiff's claim. See Wis.Stat. § 801.05(5)(c) & (d). Wisconsin has also construed its long-arm statute to extend as far as the constitutional limits of due process permit. *Flambeau Plastics Corp. v. King Bee Manufacturing Co.*, 24 Wis.2d 459, 464, 129 N.W.2d 237 (1964); thus the issue is whether the application of that statute to this case would comport with due process.

In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court held that in order to subject an out-of-state defendant to the personal jurisdiction of a court, the defendant must have such "minimum contacts" with the forum state that the maintenance of the suit "does not offend 'tradi-

tional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158, quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Court elaborated on the *International Shoe* due process test, stating:

"... it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 253, 78 S.Ct. at 1239.

In a pair of related cases, the court of appeals for this circuit discussed what actions by a defendant constitute a purposeful invocation of the benefits and protections of a state. In *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir. 1979), the defendant had no contacts with the forum state of Wisconsin other than those arising from the contract at issue. All contacts between the Wisconsin plaintiff and the out-of-state defendant had occurred by interstate mail or telephone; no representative of the defendant had ever visited Wisconsin as part of the transaction in question. The plaintiff manufactured goods for the defendant in Wisconsin and shipped them out of the state. The court of appeals found that only the plaintiff had a relationship with the forum state, and the relationship between the parties was of two corporations engaged in a "commercial contract dispute." *Id.* at 604. The court concluded that the unilateral contacts of the plaintiff with the forum state could not satisfy the due process requirements of contact with the forum state by the defendant. Thus the Wisconsin court had no personal jurisdiction over the defendant.

*Lakeside* was followed by *Wisconsin Electrical Manufacturing Co. v. Pennant Products, Inc.*, 619 F.2d 676 (7th Cir. 1980). The facts in *Pennant Products* were virtually identical to those in *Lakeside.* The parties were corporations engaged in a commercial contract dispute, the plaintiff had manufac- tured goods for the defendant in Wisconsin and had shipped them to an out-of-state defendant, and the defendant had no other contacts with the forum state of Wisconsin other than those out of which the dispute arose. The court found a crucial difference, however. The relations between the parties had not been conducted solely by interstate mail and telephone; the defendant had twice sent representatives to the plaintiff's Wisconsin facilities, once prior to the execution of the contract and once after. The court found that these contacts were sufficient to distinguish the case from *Lakeside* and to satisfy the due process requirements for assertion of personal jurisdiction over the defendant by a Wisconsin court.

◼ In the case at bar, the presidents of both defendants aver that the defendants have had no contacts with Wisconsin other than as part of the contracts at issue. Neither has ever been a party to litigation in a Wisconsin court; neither has ever employed a person who during his employ resided in Wisconsin; neither has ever maintained an office, telephone, or bank account in Wisconsin; neither has ever sold or offered to sell any security to Wisconsin residents, nor have they ever applied for any type of financing in Wisconsin; neither has ever qualified to do business in Wisconsin, nor have they ever solicited business or maintained sales agents in Wisconsin; and neither has ever derived any revenue from products used in Wisconsin. Affidavits of Damien Bohager and Bernard Bohager, filed August 18, 1981, ¶¶ 5–18. The plaintiff has presented nothing that contradicts these averments.

To this point, this case could fall within either the *Lakeside* or *Pennant Products* rules; the pivotal matter is the nature of the visit of the attorney for Bohager/Goodhues to the plaintiff's offices. The plaintiff presents nothing comparable to the attorney's trip to connect the other defendant, Frank Bohager & Sons, to the state of Wisconsin. The parties dispute the relationship between the two corporations, however. I need not resolve that matter; I will

assume that the attorney's trip connects both corporations to the forum state. Of course, if it were found that Frank Bohager & Sons was a distinct corporation, its contacts with Wisconsin would be plainly insufficient for that state's courts to assert personal jurisdiction over it under *Lakeside.*

In *Pennant Products,* the court emphasized that it was the nature and purpose of the visits to Wisconsin that made the difference; the two trips in that case

> "... were not merely matters of convenience, ... but rather were significant in the formation of the contract and Pennant's efforts to have it satisfactorily performed." *Id.* at 678 (citations omitted); *see Afram Export Corp. v. Metallourgiki Halyps, S.A.,* No. 80–C–262 (E.D. Wis., November 26, 1980).

The plaintiff does not controvert the attorney's statements that he was traveling to Wisconsin on personal business and only took the contract and check to the plaintiff because they were ready to be mailed. Ransdell affidavit, ¶¶ 2–3. He also states that he had no authority "to engage in any negotiations with the plaintiff and had no specific authority to conduct business other than to deliver the contract and to obtain the signed document." *Id.,* ¶ 4. Similarly, the president of Bohager/Goodhues avers:

> "[Mr. Ransdell] had no authority to engage in negotiations or any other business with SED on my behalf, and his only function was to deliver said contract and check and to return the signed copy to me." Damien Bohager affidavit, filed September 29, 1981, ¶ 5.

■ The plaintiff does not contend that this brief visit was significant in the formation of the contract at bar, and I can perceive no such argument. The trip was one of convenience; the attorney acted as little more than a prestigious mail carrier. Personal jurisdiction must be based on something more than "a foot-fall on the State's soil." *Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc.,* 239 F.2d 502, 509 (4th Cir. 1956). I conclude that the contacts at bar with the forum state are akin to *Lakeside,* not *Pennant Products.*

. The plaintiff argues that the defendants sought the benefit of its ability to process PCB wastes, an activity licensed and regulated by Wisconsin. The contracts at bar do not require any performance by the plaintiff in Wisconsin, however, *see Lakeside, supra,* 597 F.2d at 603 n. 13, and the plaintiff does not dispute the defendants' assertion that the wastes they shipped were stored in Ohio. Damien Bohager affidavit, filed September 29, 1981, ¶ 5; *see* Brown affidavit, ¶ 11. All the plaintiff states is that the shipment of the wastes was supervised from its Wisconsin facility, *see* Brown affidavit, ¶ 9. Such supervision is a unilateral contact by the plaintiff with the forum state; it in no way demonstrates a purposeful invocation by the defendant of the benefits of the state of Wisconsin.

Finally, the interest of Wisconsin in the adjudication of this commercial contract dispute, even though it involves a regulated firm, is not sufficient to outweigh the significant policy matters that have fostered the personal jurisdiction rules. *See Lakeside, supra,* at 603 n. 12.

Assertion of personal jurisdiction over these defendants would violate due process. The defendants have argued persuasively that venue in this action is proper in the United States district court for the district of Maryland. Accordingly, instead of granting dismissal in this district, the clerk of this district will be directed to transfer this action to the district of Maryland for further proceedings.

Therefore, IT IS ORDERED that the motion of the defendants to quash the return of summons be and hereby is dismissed as moot.

IT IS ALSO ORDERED that the motion of the defendants to dismiss be and hereby is denied and that the clerk of court transfer this action to the United States district court for the district of Maryland for further proceedings.