**WALWORTH WOODCRAFT, INC., Plaintiff,**

v.

**METROPOLITAN CONSOLIDATED INDUSTRIES, INC. and Crystal Greetings & Fuld Div., Inc., Defendant.**

No. 84–C–1084.

United States District Court, E.D. Wisconsin.

June 23, 1986.

Nancy M. Bonneywell, Maier, Hutchinson, Glembocki & Masson, Ltd., Milwaukee, Wis., for plaintiff.

John J. Ebert, Weidner, Ebert, Lemke, Pagels & Cady, Milwaukee, Wis., for defendant Crystal Greetings, Inc.

Michael E. Husmann, Michael, Best & Friedrich, Milwaukee, Wis., for defendant Metropolitan Consol. Industries, Inc.

Amy D. Kanengiser, Spengler, Carlson, Gubar, Brodsky & Frischling, New York City, of counsel, for defendant Metropolitan.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Walworth Woodcraft, Inc. (Walworth), filed this action against the defendants, Metropolitan Consolidated Industries, Inc. (Metropolitan) and Crystal Greetings and Fuld Div., Inc., to recover for the alleged anticipatory repudiation of a series of contracts for custom-made display racks manufactured by the plaintiff. Subject matter jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

Although properly served with the summons and complaint, Metropolitan failed to answer or otherwise appear in the case. On January 25, 1985 pursuant to the plaintiff's motion, the court entered a default judgment against Metropolitan for $88,-013.00, plus costs.

When Walworth attempted to enforce the judgment in the Eastern District of New York, where Metropolitan has its principal place of business, Metropolitan requested a temporary restraining order and a preliminary injunction to prevent enforcement of the judgment and filed a motion to vacate the default judgment against it pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure. (E.D.N.Y.Misc. Case No. 85–271). On October 3, 1985, Judge Jack B. Weinstein ordered Metropolitan's motion to vacate transferred to this court and stayed enforcement of the judgment pending this court's resolution of the Rule 60(b)(4) motion. Judge Weinstein also vacated the execution, restraining notice and sheriff's levy served on Metropolitan's bank upon the company's filing of a bond with the New York court in the full amount of the judgment.

Metropolitan contends that the default judgment entered in the case is void because this court lacks personal jurisdiction over it. Metropolitan alternatively requests the court to set aside the default judgment and allow it to defend against Walworth's claim on the merits. Metropolitan's motion to vacate the default judgment will be denied.

## BACKGROUND

Walworth is a Wisconsin corporation with its principal place of business in Walworth, Wisconsin. The plaintiff's primary business is the manufacture of custommade wooden display racks and related products. All of its display racks are constructed according to the unique specifications of each of its customers at the company's Walworth plant.

Metropolitan is a Delaware corporation with its principal place of business in Brooklyn, New York. Metropolitan has never (1) been licensed to do business in Wisconsin; (2) maintained an office, mailing address or bank account in the state; or (3) owned any real property in the state.

Metropolitan manufactures and sells marine paint. Prior to July 1983, Metropoli-

tan also was in the business of distributing greeting cards as a wholesaler. The company operated its greeting card business through two divisions located in Waukegan, Illinois. Metropolitan was licensed to conduct business in Illinois under the name "Crystal Greetings." Metropolitan sold its greeting card business in July 1983; it was purchased by the corporate predecessor of defendant Crystal Greeting & Fuld Div., Inc.

In the present case, Walworth alleges that Metropolitan, acting through its Crystal Greetings division, violated thirteen separate agreements to purchase a total of some 1250 display racks from the plaintiff. The agreements are evidenced by thirteen purchase orders sent to Walworth by Metropolitan's Crystal Greetings division from May through July of 1982.

Walworth contends that Metropolitan requested shipment of some but not all of the display racks that it had ordered. Walworth shipped only those racks that Metropolitan had requested be shipped. The default judgment entered in this case represents the balance due on the display racks for which Metropolitan never requested shipment.

The parties' first contact came in 1974. Between 1974 and 1982, Metropolitan sent Walworth approximately 80 purchase orders, including the thirteen at issue in this case, to acquire display racks for its greeting card business. Over this time period, Metropolitan ordered over 9600 display racks from Metropolitan at a total price of nearly $900,000. Walworth actually delivered over 8500 of these racks to Metropolitan for which it received total payment in excess of $700,000. Metropolitan was one of Walworth's largest customers from 1974 through 1982. The purchase orders, each representing a separate sales contract, were placed with, accepted and produced at Walworth's Wisconsin facility.

Over the course of its business relationship with Walworth, Metropolitan employees visited the plaintiff's Wisconsin plant on numerous occasions. The former manager of Metropolitan's Crystal Greetings division, accompanied by another Metropolitan employee, travelled to Walworth on two separate occasions in the late 1970s to meet with officers of the plaintiff to discuss display rack designs and to tour its manufacturing plant. The former national sales manager of the Crystal Greetings division made approximately six trips to Walworth's Wisconsin plant to accept delivery of some of the display racks previously ordered and to approve the prototypes for new display racks.

His successor as national sales manager of the Crystal Greetings division travelled to the plaintiff's Wisconsin plant twice during the summer of 1982, first to discuss plans for new display racks and later during the summer to approve the prototype racks designed and built by Walworth. As a direct result of these visits, Metropolitan sent Walworth seven of the thirteen purchase orders upon which the present lawsuit is based. Finally, on some thirty separate occasions, various Metropolitan salespersons accepted delivery of display racks at the plaintiff's Wisconsin facility.

In addition to its business contacts with Walworth, Metropolitan had substantial contacts with other Wisconsin businesses. According to the former manager of the Crystal Greetings division, in each of the five years prior to July 1983, Metropolitan's gross sales of greeting cards to Wisconsin customers totalled $75,000 to $100,000 per year. Metropolitan's vice-president has indicated that the company's 1982 greeting card sales to Wisconsin customers were even higher, totalling between $100,000 and $150,000. In addition, from 1981 until selling its greeting card business in 1983, Metropolitan purchased greeting cards and wrapping paper from Wisconsin suppliers at a total cost of close to $600,000.

## ANALYSIS

A valid judgment against a defendant, to be consistent with the due process clause of the fourteenth amendment, may be rendered only by a court having personal jurisdiction over that party. *Kulko v.*

*Superior Court of California,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). The forum court thus may vacate a default judgment if it finds that it lacks personal jurisdiction over the defendant. *See Pennoyer v. Neff,* 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1877); *Fuhrman v. Livaditis,* 611 F.2d 203 (7th Cir.1979); Rule 55(c), 60(b)(4), Federal Rules of Civil Procedure. A federal district court in Wisconsin has personal jurisdiction over a party in a diversity action only if the Wisconsin long-arm statute, Wis.Stat. § 801.05, authorizes jurisdiction and if the exercise of jurisdiction is consistent with due process. *Jacobs/Kahan & Co. v. Marsh,* 740 F.2d 587, 589 (7th Cir.1984).

Wisconsin's long-arm statute provides for personal jurisdiction over a nonresident defendant in an action which "[a]rises out of a promise, made anywhere to the plaintiff ... by the defendant ... to pay for services to be performed in this state by the plaintiff...." Wis.Stat. § 801.05(5)(a). Under this provision, "a promise to pay for goods to be manufactured by the seller in Wisconsin must be deemed a promise to pay for the services of the seller as well as the transfer of the finished product." *Flambeau Plastics Corp. v. King Bee Mfg. Co.,* 24 Wis.2d 459, 466, 129 N.W.2d 237 (1964) (interpreting identical predecessor to § 801.05(5)(a)); *but see Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc.,* 597 F.2d 596, 599–600 (7th Cir.1979), *cert. denied,* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980) (construing Wis.Stat. § 801.05(5)(a) and (b) as inapplicable to a contract action involving the sale of goods manufactured in Wisconsin).

■ In interpreting § 801.05(5)(a), this court must heed the construction of Wisconsin law by the state's highest court. *Hortonville Jt. School Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 488, 96 S.Ct. 2308, 2312, 49 L.Ed.2d 1 (1976). Because the case at bar arises out of Metropolitan's promise to pay for the display racks manufactured by the plaintiff in Wisconsin, § 801.05(5)(a) tends to provide a basis for applying the state's long-arm jurisdiction over Metropolitan. *See also* Wis. Stat. § 801.05(5)(b) (construed in *Flambeau, supra,* 24 Wis.2d at 467, 129 N.W.2d 237). This finding is consistent with the general rule in Wisconsin that the long-arm statute is to be liberally construed in favor of jurisdiction over nonresident defendants. *Clement v. United Cerebral Palsy of Southeastern Wisconsin, Inc.,* 87 Wis.2d 327, 332 (1979).

■ In addition, the Wisconsin legislature intended its long-arm statute to reach to the full extent permissible under the due process clause of the fourteenth amendment. *Schroeder v. Raich,* 89 Wis.2d 588, 593, 278 N.W.2d 871 (1979); *Flambeau, supra,* 24 Wis.2d at 464, 129 N.W.2d 237. To the extent, therefore, that exercising jurisdiction over Metropolitan is consistent with due process, it is *a fortiori* proper under Wisconsin's long-arm statute.

The due process clause requires that the defendant have "minimum contacts" with the forum state such that the exercise of jurisdiction over him is in conformity with " 'traditional notions of fair play and substantial justice....' " *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Jurisdiction may not be based on a defendant's mere " 'random,' 'fortuitous' or 'attenuated' contacts" with the forum state. *Burger King Corp. v. Rudzewicz,* —— U.S. ——, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). At the same time, whereas the defendant has deliberately engaged in significant activities with the forum state or has created continuing obligations between himself and a resident of the forum state, he has purposely availed himself of the privilege of conducting business there and is presumed subject to suit there. *Id.* 105 S.Ct. at 2184.

In the present case, Metropolitan had an extensive business relationship with Walworth that continued over a period of eight years. During this time, Metropolitan placed not just one but roughly eighty separate orders for over 9600 display racks at a combined price of nearly $900,000. Metropolitan employees travelled to Wisconsin on numerous occasions, meeting with Walworth representatives to discuss different display rack designs. On approximately thirty separate occasions, Metropolitan employees accepted delivery of display racks at Walworth's Wisconsin plant. Moreover, Metropolitan was aware that the goods it ordered would be manufactured in Wisconsin. Although this factor alone is not dispositive, it does constitute another significant contact between Metropolitan and Wisconsin. *See Madison Consulting Group v. South Carolina,* 752 F.2d 1193, 1204 (7th Cir.1985).

The national sales manager of Metropolitan's Crystal Greetings division visited Walworth's Wisconsin plant twice during the summer of 1982 to discuss and ultimately to approve a new display rack design. Based on these visits, Metropolitan submitted seven purchase orders to Walworth, which in part provide the grounds for the present action. These visits "were not merely matters of convenience" but instead were significant in the formation of over one-half of the contracts at issue in this case and in Metropolitan's efforts to have these contracts performed to its satisfaction. *See Wisconsin Electrical Mfg. Co., Inc. v. Pennant Products, Inc.,* 619 F.2d 676, 678 (7th Cir.1980). These two visits strongly support a finding of personal jurisdiction over Metropolitan. *Id.*

Finally, in addition to its Wisconsin contacts with the plaintiff, Metropolitan did several hundred thousand dollars worth of greeting card and paint business with Wisconsin entities in the five years preceding July 1983. Metropolitan continues to sell its marine paint to Wisconsin customers on a limited basis.

Considered as a whole, Metropolitan's contacts with Wisconsin can hardly be viewed as random, fortuitous or attenuated. Rather, Metropolitan has deliberately and continuously engaged in a very substantial amount of business with the plaintiff and other Wisconsin residents such that it cannot now complain about being "haled into court" in this state.

Having determined that Metropolitan purposefully established "minimum contacts" with Wisconsin, the defendant can defeat jurisdiction only by presenting compelling evidence that the presence of some other factor would make jurisdiction unreasonable or unfair. *Burger King, supra,* 105 S.Ct. at 2185. Metropolitan has offered no such evidence.

In sum, the court finds that this is a clear case in which the exercise of jurisdiction over a nonresident defendant comports with both due process and the Wisconsin long-arm statute. Accordingly, the court concludes that it has jurisdiction over Metropolitan in this case.

Metropolitan alternatively asks the court to set aside the default judgment to allow the company to defend against Walworth's claim on the merits. Under Rule 60(b)(6) Federal Rules of Civil Procedure the court, in its discretion, may vacate a judgment for any reason when it is in the interest of justice to do so. *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 1099 (1949). The broad power granted by Rule 60(b)(6), however, is not intended to relieve a party from the consequences of its free and deliberate choices. *Ackermann v. United States,* 340 U.S. 193, 197, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2864 n. 26 (1973) (cases cited therein).

Metropolitan made the calculated choice not to appear in the present case based on its belief that this court lacked personal jurisdiction over it. Having made its choice, Metropolitan now is bound by the consequences of its decision. If Metropolitan had wanted to preserve its right to defend this case on the merits, the proper course would have been to make a limited

**164**

appearance for the purpose of contesting personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.

Therefore, IT IS ORDERED that the motion of defendant Metropolitan Consolidated Industries to vacate the default judgment entered against it in this case be and hereby is denied.

IT IS ALSO ORDERED that a status conference be and hereby is scheduled for Monday, July 7, 1986, at 9:30 A.M. to discuss the plaintiff's remaining claim against defendant Crystal Greeting & Fuld Div., Inc. This conference will be held in courtroom 225, Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.